IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVERETT L. McCOY,

    Plaintiff,                    No. CIV S-01-1218 DFL GGH P

    vs.

CAL. A. TERHUNE, et al.,

    Defendants.           <u>ORDER</u>

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On September 7, 2005, defendants filed a summary judgment motion. On October 21, 2005, plaintiff filed a request to stay proceedings so that he may conduct discovery. The court construes plaintiff's request as a motion pursuant to Fed. R. Civ. P. 56(f). For the following reasons, this motion is denied.

    Fed. R. Civ. P. 56(f) provides,

> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

    In his motion, plaintiff states that after reviewing defendants' summary judgment motion, he has determined that additional discovery is required in order to file an adequate

1

opposition. Plaintiff lists four specific categories of documents he is seeking: 1) the Program Guide and or other policies concerning mental health services that CDCR was required to provide mentally inmates with during the relevant time period; 2) the 2001 CSP-Sacramento Operation Procedure or other materials governing the procedures for determining housing assignments for inmates in the Enhanced Outpatient Program and Administrative Segregation Unit; 3) the 2001 CSP-Operational Procedure governing the issuance of property to inmates; 4) an edited or redacted version of the confidential materials used to place plaintiff in administrative segregation.

In support of his motion, plaintiff states that he did not previously conduct discovery in this action due to mistake, inadvertence or excusable neglect. In the October 28, 2005, opposition to the pending motion, defendants state that they would be willing to provide plaintiff with the first three categories of documents listed above to the extent they can be located. With respect to plaintiff's request for confidential information, defendants observe that they submitted this information to the court under seal in support of their summary judgment motion. Defendants argue that the information should not be released to plaintiff for security purposes.

The court observes that on October 20, 2004, a Discovery Order was issued which contained information regarding the federal rules concerning discovery. On February 9, 2005, the court issued a scheduling order which set the discovery cut-off date for May 13, 2005. On May 2, 2005, plaintiff filed a request for a new discovery cut-off date. On June 14, 2005, the court denied this request because it was not well supported. On September 16, 2005, the district court denied plaintiff's request for reconsideration of the June 14, 2005, order.

"The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion." Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002). After reviewing the record, the court finds that plaintiff did not diligently conduct discovery. For this reason, the motion is denied.

1   Although defendants oppose plaintiff's motion, they propose that they serve
2 plaintiff with the three categories of documents discussed above and file formal notice of service
3 with the court. Defendants suggest that the formal notification would serve to trigger a thirty-day
4 period within which plaintiff is to serve his opposition to defendants' summary judgment motion.
5 The court agrees with this suggestion and will so order.
6   Plaintiff has also requested the appointment of counsel. The United States
7 Supreme Court has ruled that district courts lack authority to require counsel to represent
8 indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298
9 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of
10 counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir.
11 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the
12 court does not find the required exceptional circumstances. Plaintiff's request for the
13 appointment of counsel will therefore be denied.
14   Accordingly, IT IS HEREBY ORDERED that:
15   1. Plaintiff's October 21, 2005, request to stay proceedings, construed as a
16 request pursuant to Fed. R. Civ. P. 56(f), is denied;
17   2. Within thirty days of the date of this order, defendants shall serve plaintiff with
18 the documents discussed above; defendants shall file notice with the court of this service within
19 that time;
20   3. Plaintiff's opposition to defendants' summary judgment is due sixty days from
21 the date of this order;
22   4. Plaintiff's November 10, 2005, motion for the appointment of counsel is
23 denied.
24 DATED: 12/12/05
   /s/ Gregory G. Hollows
25
   GREGORY G. HOLLOWS
26 mc1218.den   UNITED STATES MAGISTRATE JUDGE