IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVERETT L. McCOY,

      Plaintiff,                    No. CIV S-01-1218 DFL GGH P

   vs.

CAL TERHUNE, et al.,

      Defendants.          <u>ORDER</u>

_____/

       On April 4, 2004, the court ordered further briefing regarding plaintiff's March 13, 2006, and March 20, 2006, requests for extensions of time to oppose defendants' September 7, 2005, summary judgment motion. For the following reasons, the court orders plaintiff's opposition due within thirty days of the date of this order.

       On February 13, 2006, plaintiff filed a request for extension of time to file his opposition to defendants' summary judgment motion. On February 28, 2006, the court ordered plaintiff's opposition due within fourteen days. On March 13, 2006, plaintiff filed one of the pending requests for extension of time. In this request, plaintiff stated that he could not file his opposition because his typewriter had been confiscated as well as some of his legal documents. On March 22, 2006, defendants filed an opposition to plaintiff's March 13, 2006, request.

/////

1    In the March 20, 2006, request for extension of time, plaintiff stated that his typewriter had been returned. Plaintiff claimed that on March 10, 2006, he finished his opposition and gave it to prison officials to be copied. On March 14, 2006, Law Librarian McDonald returned the opposition to plaintiff, without copies, in a manila envelope that was wet from the rain. Law Librarian McDonald then told plaintiff that she would try to make the copies and took plaintiff's opposition. Plaintiff had not received the opposition back as of March 16, 2006. Plaintiff also stated that prison officials confiscated his typewriter once they realized it had a memory capacity. Plaintiff stated that his typewriter memory contained his opposition.

On April 4, 2006, the court ordered defendants to inform the court within fifteen days whether the law librarian returned plaintiff's opposition to him and whether plaintiff was granted access to his typewriter in order to print out his opposition.

On April 10, 2006, and April 14, 2006, plaintiff filed further briefing regarding his requests for extension of time. On April 19, 2006, defendants filed a response to the April 4, 2006, order. It is clear from these documents that in early April 2006 plaintiff was placed in administrative segregation pending an investigation into a conspiracy to assault staff. At that time, plaintiff's property–including his typewriter and legal property–were confiscated. While in administrative segregation, plaintiff may not have access to his typewriter but he may have access to his legal property. See Defendants' April 19, 2006, response, declaration of M. Navaez, ¶ 5. In addition, the law librarian believes that, at plaintiff's request, his opposition was given to another inmate to return to plaintiff. See Id., declaration of B. Morris, ¶ 5.

After reviewing the record, the court finds that plaintiff does not require his typewriter to prepare his opposition. Because plaintiff may obtain access to his legal property while in administrative segregation, the court orders his opposition due within thirty days.

/////
/////
/////

Accordingly, IT IS HEREBY ORDERED that plaintiff's opposition to defendants' summary judgment motion is due within thirty days of the date of this order.

DATED: 5/3/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
mc1218.ord