IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVERETT McCOY,

    Plaintiff,                      No. CIV S-01-1218 DFL GGH P

    vs.

CAL TERHUNE, et al.,

    Defendants.               ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On August 16, 2006, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Both parties have filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court adopts the findings and recommendations in part, but declines to adopt them as to the following claims.

1

1   The court grants summary judgment for defendants Massey, Martel, and Chastain as to plaintiff's due process claims related to his placement in administrative segregation. The Due Process Clause alone creates no liberty interest in remaining in the general prison population. <u>Hewitt v. Helms</u>, 459 U.S. 460, 468 (1983) (overruled on other grounds). "States may under certain circumstances create liberty interests that are protected by the Due Process Clause," but the interests are limited to freedom from conditions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995). McCoy has not offered sufficient evidence to demonstrate that his placement in administrative segregation subjected him to such hardship. Therefore, no material dispute of fact exists as to whether the administrative segregation decisions by defendants violated McCoy's due process rights.

The court grants summary judgment for defendants Johnson, Shoemaker, Jaffee, Rosario, Kelly, Terhune, Plilier, and Clareve as to plaintiff's various Eighth Amendment medical care claims, with the exception of claims that the magistrate judge found defendants failed to raise in the summary judgment motion. Disputes of medical opinion cannot support a § 1983 deliberate indifference claim. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 107-08 (1976). The magistrate judge states that defendants have not provided information concerning how their treatment of plaintiff's other mental illnesses adequately treated his post-traumatic stress disorder (PTSD). Defendants, however, submit that the prescribed treatment addressed symptoms common to plaintiff's PTSD and other mental illnesses. The dispute, therefore, is over whether such symptom-based treatment of different illnesses is appropriate. It was plaintiff's burden to demonstrate that the defendants' approach was not a legitimate medical opinion. He has not done so. Similarly, an evaluation of whether defendants properly required plaintiff to comply with the prison's heat-risk policy as part of the treatment for his mental illnesses concerns judgments of appropriate medical care. A challenge to either the prison's heat-risk policy or defendants' failure to exempt plaintiff from it would involve expert judgments as to medical risks and advantages. Plaintiff fails to

provide medical opinions to counter those provided by defendants.

The court finds that defendants did not raise plaintiff's retaliation claims in their summary judgment motion. Given the novel and fact-intensive nature of the claims, the court declines to address them sua sponte. Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312-13 (9th Cir. 1982). The court will allow further briefing on the retaliation claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 16, 2006 are adopted except as to the following claims: 1) plaintiff's due process claim against defendant Massey; 2) plaintiff's due process claim against defendants Martel and Chastain; 3) plaintiff's Eighth Amendment claim against defendants Johnson, Shoemaker, and Jaffee concerning their treatment of plaintiff's post-traumatic stress disorder; 4) plaintiff's Eighth Amendment claim against defendants Jaffee and Kelly concerning their treatment of plaintiff's mental illnesses while he was in administrative segregation; 5) plaintiff's Eighth Amendment claims against defendants Terhune, Plilier, Rosario, Jaffee, Johnson, Kelly, Clareve, and Shoemaker concerning their enforcement of the prison's heat-risk policy and treatment of plaintiff's mental illnesses; and 6) plaintiff's claims concerning defendants' retaliation against him for exercising a constitutionally protected right;

2. Defendants' September 8, 2005 summary judgment motion is denied as to the following claims: 1) plaintiff's Eighth Amendment claim against defendant Andrade concerning plaintiff's access to medical care following his return to the jail and the doctor's order that plaintiff be woken up every two hours; 2) plaintiff's Eighth Amendment claim against defendant Advincula concerning the denial of plaintiff's cane and plaintiff's pushing of a cart carrying prisoner belongings; 3) plaintiff's Eighth Amendment claim against defendant Holmes concerning the assignment of plaintiff to an upper tier; 4) plaintiff's Eighth Amendment claim against defendants Chastain, Martel, Mini, and Shoemaker concerning their consideration of plaintiff's mental health problems when they retained him in administrative segregation; 5)

plaintiff's Eighth Amendment claim against defendants Stiles and Clavere concerning their assignment of plaintiff to the "walk alone" yard; and 6) plaintiff's Eighth Amendment claim against defendant Clavere concerning the order that plaintiff be double celled;

       3. Defendants may file an additional summary judgment motion before the assigned magistrate judge regarding plaintiff's retaliation claims unaddressed by the prior motion. If defendants choose to file a motion, it is due 30 days after the entry of this order; and

       4. Defendants' September 8, 2005, summary judgment motion is granted in all other respects.

DATED: March 30, 2007

                                     /s/ David F. Levi
                                     UNITED STATES DISTRICT JUDGE

/mcco1218.806