IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
EVERETT L. MCCOY,              )
                               )
        Plaintiff,             )    Case No. 2:01-cv-1218-RRB
                               )
Vs.                            )
                               )    ORDER ADOPTING FINDINGS
CAL A. TERHUNE, et al.,        )    AND RECOMMENDATIONS
                               )
        Defendants.            )
_____)
```

Petitioner Everett L. McCoy ("Petitioner"), a state prisoner proceeding pro se filed the above-entitled civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to the Local Rules of the Eastern District of California.

Pending before the Court is Defendants' Motion for Summary Judgment filed May 16, 2007.[1] Previously, on March 30, 2007, the Court adopted the Magistrate Judge's recommendation that summary judgment be partially granted in favor of Defendants.[2] Notably, the Court found "that defendants did not raise plaintiff's retaliation claims in their summary judgment

---

[1]   Docket 142.

[2]   See Dockets 76, 126, & 137.

motion. Given the novel and fact-intensive nature of these claims, the court declines to address them sua sponte."[3] Accordingly, the Court ordered that "Defendants may file an additional summary judgment motion before the assigned magistrate judge regarding plaintiff's retaliation claims unaddressed by the prior motion . . . . due 30 days after the entry of this order . . . ."[4] Defendants' filed the present motion in response to this invitation.

On November 11, 2007, the Magistrate Judge entered Findings and Recommendations at Docket 146 herein, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty (20) days.[5] Plaintiff did not file objections within the allotted time.

On December 3, 2007, Petitioner requested an extension of time to file objections. On December 11, 2007, the Court granted Petitioner a thirty (30) day extension from the date of the Court's order. Again, Petitioner failed to file objections within the allotted time period.

---

[3] Docket 137 at 3.

[4] Id. at 4.

[5] Docket 146.

On February 4, 2008, Petitioner filed objections to the Findings and Recommendations and requested an extension of time to allow for his late filing on the grounds that he did not receive the Magistrate Judge's Findings and Recommendations until December 21, 2007, and then had difficulty accessing the prison library due to an alleged two-week holiday closure, followed by a period of understaffing which limited Plaintiff's access.[6]  After reviewing the file in this matter, it is apparent that Plaintiff has been the recipient of generous and abundant extensions of time.  As to the present request, however, the Court concludes that Plaintiff has not demonstrated good cause for filing objections nearly two months late (nearly three months since the original deadline).  Plaintiff's request for late filing is therefore denied.

Inasmuch as the Court concludes the issues before it are based in law, i.e., legal disputes, and in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, the Court has considered the relevant pleadings filed in this matter, and, noting that Plaintiff did not file timely objections, finds the Magistrate Judge's Findings and

---

[6]   Dockets 149 & 150.

Recommendations to be supported by the record and by proper analysis except as discussed below.

The Magistrate Judge observed that Defendants' Motion "addressed the remaining retaliation claims but for the claims against Massey, Shoemaker and Mini" but concluded "that defendants are entitled to summary judgment sua sponte as to these claims."[7] In support of this conclusion, the Magistrate Judge cited Cool Fuel, Inc. v. Connett.[8] In Cool Fuel, the Ninth Circuit noted that "the overwhelming weight of authority supports the conclusion that <u>if one party moves for summary judgment</u> and, at the hearing, it is made to appear from all the records, files, affidavits and documents presented that there is no genuine dispute respecting a material fact essential to the proof of movant's case and that the case cannot be proved if a trial should be held, <u>the court may sua sponte grant summary judgment to the non-moving party</u>."[9] Of course, it is "essential that the appellate court carefully review the record and determine that the moving party against whom summary judgment

---

[7]   Docket 146 at 5.

[8]   685 F.2d 309, 312 (9th Cir. 1982).

[9]   Id. at 311 (emphasis added).

was rendered had a full and fair opportunity to ventilate the issues involved in the motion."[10]

The situation at bar differs from Cool Fuel because the Magistrate Judge recommended granting summary judgment sua sponte in favor of the moving party and against Plaintiff as the non-moving party.  The distinction is significant because the moving party often has "a full and fair opportunity to draw the Court's attention to facts and authority in support of its position" and "ha[s] twice the opportunity [as the non-moving party] by filing both a motion and a reply brief to [the non-moving party's] one opposition."[11]  The Court, therefore, declines to grant summary judgment sua sponte in favor of Defendants on matters which they did not raise in their motion. Accordingly, the Magistrate Judge's Findings and Recommendations are vacated in part.

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Request for Late Filing of Objections to the Magistrate Judge's Findings and Recommendations (Docket 150) is denied;

---

[10]   Id. at 312.

[11]   Greenwood v. Hartford Life Ins. Co., 471 F. Supp.2d 1049, 1053 (C.D. Cal. 2007).

2. The Findings and Recommendations (Docket 146) entered on November 11, 2007, are adopted as modified;

3. The Magistrate Judge's recommendation (Docket 146 at 5) that summary judgment be granted sua sponte in favor of Defendants on Plaintiff's retaliation claims against Defendants Massey, Shoemaker, and Mini is vacated;

4. Defendants' Motion for Partial Summary Judgment (Docket 142) filed on May 16, 2007, is granted.

ENTERED this 21ST day of March, 2008.

                                          S/RALPH R. BEISTLINE
                                          UNITED STATES DISTRICT JUDGE